BOUTALL, Judge.
The City and County of San Francisco appeals a judgment of the Jefferson Parish Juvenile Court under the Uniform Reciprocal Enforcement of Support Act, R.S. 13:1641 et seq., which held that a former husband did not have to reimburse San Francisco for public assistance payments made to the former wife for the support of their child.
The general facts argued to us indicate that the defendant, Gene A. Juergens, was married to Eda Fuentes on June 10,1970, in San Francisco, California. The couple then established a domicile in New Orleans, Louisiana, where a child was born on April 1, 1972. On June 14, 1972, in the Juvenile Court of New Orleans, the wife received a judgment for child support in the amount of $70.00 every two weeks. Child support payments were made in accordance with the judgment up until the time that Juer-gen’s wife left the jurisdiction with the baby without leaving any indication where she was going. Although Mr. Juergens continued to reside in the area and his address was always easily ascertainable, his wife obtained a divorce in Puerto Rico in 1975 without the knowledge of Juergens and later remarried another man. Juer-gens subsequently obtained a divorce in Jefferson Parish through service on a Curator in September of 1978.
In the meantime, Mrs. Juergens applied for Aid to Families with Dependent Children from the City and County of San Francisco in October, 1976, and received aid until August, 1979, when she remarried. The support received began at the rate of $221.00 per month and was increased until she was receiving $371.00 per month when *1097 assistance was terminated, for a total of $9,377.00. It is this amount which the appellant seeks to recover from Juergens.
The problem in this case is the state of the record. Although the above facts were argued to us, plus other facts not; mentioned, there is very little in the record upon which we can make a proper assessment of the true facts. The trial judge found certain facts in his reasons for judgment which he dictated into the record. However, it also appears that he relied upon facts ascertained in pretrial conference and documents not found in the record before us. Ordinarily, the trial judge’s opinion is considered to be correct where the record is lacking, and we have considered applying that rule in this case. However, the documents that are in the record (and we especially refer to some answers to interrogatories by the former wife) show the unavailability of Juergens and the fact that it was he who deserted the wife and child. Apparently, Mr. Juergens would testify to an opposite set of facts, and if the judicial documents referred to are in existence, they would seem to indicate that the testimony of the former wife is incorrect. However, we have nothing against which to assess her testimony.
In this regard, we deem it important to point out that, while a state or political subdivision furnishing support to an obligee has the same right as the obligee to initiate a proceeding under the Reciprocal Act in Louisiana, R.S. 13:1662, the duty of support applicable to the obligor is that imposed under the laws of the state where the obli-gor was present for the period during which the support is sought, R.S. 13:1661.[1] Under the facts argued to us, when the husband successfully applied to the New Orleans Juvenile Court and obtained cancellation of that judgment requiring child support, the possibility arises that it then became necessary to establish another judicial pronouncement of support against him. In this present proceeding, we note that the trial iudge stated that he would grant a current judgment of support, but that the proceeding was only to recover amounts paid in previous years without attempting to notify the obligor of the existence of the payments.
Because of the state of the record, we are not able to arrive at a factual determination upon which to apply the law, and accordingly, we must remand this matter to the trial court for evidence.
It is decreed that this matter be remanded to the Juvenile Court of Jefferson Parish for the purpose of holding an evidentiary hearing to ascertain the facts of this case and both parties are entitled to produce whatever additional evidence may be relevant and proper under the circumstances.
REMANDED.

. California’s law is identical in Sections 1670 and 1671.